# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESLEY ERNST GOETZ,
Appellant,
vs.
NEVADA DIVISION OF PAROLE AND
PROBATION,
Respondent.

No. 76181

**FILED**

MAR 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's petition for a writ of mandamus. First Judicial District Court, Carson City; James E. Wilson, Judge.

Before this court is a case involving the interplay between the Nevada Public Records Act (NPRA)[1], NRS Chapter 179A, and NRS 213.1075. Appellant Wesley Ernst Goetz argues he has a right to access the Nevada Division of Parole and Probation's (the Division) records that pertain to his lifetime supervision under the NPRA. The Division denied Goetz's request, contending that the records are exempt from the NPRA because they are confidential pursuant to NRS 213.1075, which provides:

> Except as otherwise provided by specific statute, all information obtained in the discharge of official duty by an employee of the Division or the Board is privileged and may not be disclosed directly or indirectly to anyone other than the Board, the judge, district attorney or others entitled to receive such information, unless otherwise ordered by the Board or judge or necessary to perform the duties of the Division.

---

[1]NRS 239.001-.030.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-11323

We generally review a district court's denial of a writ petition for an abuse of discretion, but when the petition entails a question of law, we review the district court's decision de novo. *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. 873, 877, 266 P.3d 623, 626 (2011). We conclude that the district court did not err in finding that NRS 213.1075 exempts the Division's records from the NPRA. *See City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 60, 63 P.3d 1147, 1149-50 (2003) (providing that "[i]f the records in question have been declared by law to be confidential, they are exempt from the Nevada Public Records Act").

Additionally, we conclude that the district court did not err in concluding that Goetz was not entitled to those records under NRS 213.1075. NRS 213.1075 makes the Division's records confidential "[e]xcept as otherwise provided by specific statute." NRS 179A.100(4)(a) is a specific statute that provides that "[r]ecords of criminal history *must* be disseminated" to the "person who is the subject of the record of criminal history for purposes of NRS 179A.150." (Emphasis added). NRS 179A.150 entitles the person who is the subject of the criminal record to access the information contained in that record. Thus, NRS 179A.100(4)(a) provides for the disclosure of the Division's records to Goetz if they are records of criminal history. A "record of criminal history" includes "information contained in records collected and maintained by agencies of criminal justice...concerning the status of an offender on parole or probation or concerning a convicted person who has registered under chapter 179C of the NRS." NRS 179A.070(1). Goetz has failed to demonstrate that the records he seeks are records of criminal history under NRS Chapter 179A because

lifetime supervision is not equivalent to parole and probation for purposes of records disclosure. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. James E. Wilson, District Judge
      Doyle Law Office, PLLC
      Attorney General/Dep't of Public Safety/Carson City
      Carson City Clerk